```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

LORI PERROTTI

    v.                            Case No. 05-cv-243-PB

WAL-MART STORES INC. and
JOHN DOES ONE THROUGH FIVE

**MEMORANDUM AND ORDER**

Plaintiff Lori Perrotti worked for defendant Wal-Mart Stores Inc. ("Wal-Mart") until she became disabled as a result of a work-related injury. This lawsuit, which Wal-Mart successfully removed from state court, stems from the termination of Perrotti's health insurance following her injury. Wal-Mart has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, I grant Wal-Mart's motion.

**I.   FACTUAL BACKGROUND**[1]

Perrotti held a full-time job as a manager at Wal-Mart.

---

[1] I describe the facts in the light most favorable to the plaintiff.

State Court Writ ("Compl.") ¶ 4.  Her compensation package included health insurance.  Id.  On April 28, 2001, she suffered an on-the-job injury and became unable to work.[2]  Id. ¶ 6-7.  Nevertheless, she continued to be "an active employee" and remained eligible for Wal-Mart's health insurance plan so long as she paid her share of the premium.  Id. ¶ 7.

Perrotti sent her premium payments to an address provided by Wal-Mart but Wal-Mart failed to forward the payments to the plan.  Id. ¶ 8-9, Pl.'s Surreply at 2-3.  As a result, Perrotti's health insurance was terminated.  Id. ¶ 10.  Wal-Mart repeatedly promised to reinstate Perrotti's health coverage but never did so.  Id. ¶ 11.  Without health insurance benefits, Perrotti has not been able to obtain necessary medical care and her health has declined.  Id. ¶ 12-13.

Perrotti's complaint consists of four counts: negligence, breach of fiduciary duty, retaliatory discrimination, and breach of contract (specifically, the covenant of good faith and fair dealing).  She seeks money damages.

---

[2] Perrotti filed an affidavit stating that the injury occurred on September 27, 1999.  The difference in dates has no bearing on my reasoning.

## II. **STANDARD OF REVIEW**

In considering a motion to dismiss under Rule 12(b)(6), I "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002). An action should be dismissed "when it appears certain that the plaintiff would not be entitled to relief even when allegations are viewed in the light most favorable to her." Stinson v. SimplexGrinnell LP, No. 05-1410, 2005 U.S. App. LEXIS 22913 at *6 (1st Cir. Oct. 21, 2005) (unpublished).

## III. **ANALYSIS**

A. **Counts I, II and IV**

Wal-Mart argues that Perrotti's negligence (Count I) and breach of contract (Count IV) claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq. Wal-Mart frames its argument with regard to Perrotti's breach of fiduciary duty claim (Count II) slightly

differently,[3] but its preemption argument applies to that claim as well.  Thus, I address the three claims together.

ERISA's preemption clause provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."  29 U.S.C. § 1144(a).  "'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law."  29 U.S.C. § 1144(c).  Accordingly, common law causes of action that arise under state law, such as tort and contract claims, may be preempted.[4]

To determine whether a particular cause of action is preempted by ERISA, I must answer two questions: "'(1) whether the plan at issue is an 'employee benefit plan' and (2) whether

---

[3] Wal-Mart contends that under ERISA's civil enforcement scheme, a plaintiff may not assert a breach of fiduciary duty claim based on the same conduct that underlies a viable denial of benefits claim.  See, e.g., King v. UNUM Life Ins. Co. of Am., 221 F. Supp. 2d 1, 5 (D. Me. 2002) (The "adequacy of relief pursuant to section 1132(a)(1) renders [a] breach of fiduciary duty claim under section 1132(a)(3) superfluous.").

[4] ERISA has broad preemptive force, Hampers v. W.R. Grace & Co., 202 F.3d 44, 49 (1st Cir. 2000), and the "explanation for the broad preemption provision is clear: By preventing states from imposing divergent obligations, ERISA allows each employer to create its own uniform plan, complying with only one set of rules (those of ERISA) and capable of applying uniformly in all jurisdictions where the employer might operate."  Simas v. Quaker Fabric Corp., 6 F.3d 849, 852 (1st Cir. 1993).

the cause of action 'relates to' this employee benefit plan.'"
Hampers v. W.R. Grace & Co., 202 F.3d 44, 49 (1st Cir. 2000)
(quoting McMahon v. Digital Equip. Corp., 162 F.3d 28, 36 (1st
Cir. 1998)).  I take each question in turn.

### 1. Employee benefit plan

ERISA provides that an "employee welfare benefit plan" is a type of "employee benefit plan."  29 U.S.C. § 1002(3).  An "employee welfare benefit plan," in turn, is defined as

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, [or] death
> . . .

29 U.S.C. § 1002(1).  Whether Perrotti's health insurance plan is an employee welfare benefit plan is a question of fact.  McMahon, 162 F.3d at 36.

Wal-Mart has filed a copy of the summary plan description for Perrotti's health insurance plan, which describes the plan as "an employer-sponsored, health and welfare employee benefit plan governed under [ERISA]."  Ex. B to Notice of Removal.  Perrotti nevertheless argues that whether her health insurance benefit

qualifies as an employee welfare benefit plan governed by ERISA is a fact "outside the scope of [her complaint]" that "cannot be verified." Pl.'s Obj. at 2. I disagree.

Perrotti alleges that she was "eligible for health insurance through Wal-Mart," Compl. ¶ 7, and that her "benefits" as a full-time management-level employee included "health and dental insurance." Compl. ¶ 4. She also refers to Wal-Mart as "an employer who provides insurance to its employees." Compl. ¶ 17. There is no suggestion either that Perrotti's health insurance plan was "established or maintained" by an entity other than Wal-Mart, or that the plan's purpose was anything other than to provide "medical, surgical, or hospital care or benefits." 29 U.S.C. § 1002(1). Thus, regardless of the summary plan description, the complaint's factual allegations unquestionably bring Perrotti's health insurance plan within the ambit of ERISA.

### 2. Relates to

A state law relates to an employee benefit plan "'if it has a connection with or reference to such a plan.'" Hampers, 202 F.3d at 49 (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 98 (1983)). This is true "'even if the law is not specifically designed to affect such plans, or the effect is only indirect and even if the law is consistent with ERISA's substantive

-6-

requirements.'" Id. (quoting District of Columbia v. Greater Washington Bd. of Trade, 506 U.S. 125, 130 (1992)).  On the other hand, a law does not relate to a plan if the connection is "'too tenuous, remote or peripheral,'" id. (quoting Shaw, 463 U.S. at 100 n.21)), and as a result "'many laws of general applicability'" will not be preempted.  Id. (quoting Greater Washington Bd. of Trade, 506 U.S. at 130 n.1)).

The First Circuit has "consistently held that a cause of action 'relates to' an ERISA plan when a court must evaluate or interpret the terms of the ERISA-regulated plan to determine liability under the state law cause of action."  Hampers, 202 F.3d at 52.  Counts I, II, and IV are all based on Wal-Mart's alleged duty to forward Perrotti's premium payments to the plan.  That duty, in turn, arises from Wal-Mart's obligations under the plan.  Accordingly, Perrotti's claims relate to her health insurance plan because I must interpret the plan to resolve them.[5]  See Lamberty v. Premier Millwork & Lumber Co., 329 F. Supp. 2d. 737, 742 (E.D. Va. 2004)(claim based on failure to pay

---

[5] Perrotti states that "[a]djudication of plaintiff's claims does not require construction of the terms of any ERISA plan."  Pl.'s Surreply at 6.  This assertion does not alter my conclusion because Perrotti has not supported it with an argument that Wal-Mart's duty to her arose from a source other than its obligations under the plan.

premium preempted); <u>York v. Ramsay Youth Servs.</u>, 313 F. Supp. 2d. 1275, 1278-80 (M.D. Ala. 2004) (same).

**B.   Count III**

Perrotti captioned Count III of her complaint "RETALIATORY DISCRIMINATION – Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and NH RSA 354-A:19."[6]  She explains, however, that she cited both statutes only "in general support of her assertion that the conduct she was subjected to was of the type prohibited by both of those statutory schemes, as well as the common law."  Pl.'s Obj. at 8.  She now argues that her claim is for wrongful discharge.[7]

"To establish a wrongful discharge claim, a plaintiff must allege and prove that: (1) the termination of employment was motivated by bad faith, retaliation or malice; and (2) that she

---

[6] Perrotti baldly asserts that Wal-Mart's actions amount to "unlawful gender discrimination."  Compl. ¶ 25.  She has not provided any factual support for this allegation other than "knowledge and belief and considering defendants' mistreatment of plaintiff and women in general."  <u>Id.</u>  Accordingly, it must be dismissed for failure to state a claim.

[7] Perrotti is presumably distancing herself from the statutory discrimination framework because of her admitted failure to file a charge of discrimination with the EEOC or the New Hampshire Commission for Human Rights.  <u>See</u> Pl.'s Obj. at 9.  This failure would require dismissal of the retaliatory discrimination claim and the gender discrimination claim mentioned in ¶ 25.

was terminated for performing an act that public policy would encourage or for refusing to do something that public policy would condemn."  Karch v. BayBank FSB, 147 N.H. 525, 536 (2002). A "properly alleg[ed] constructive discharge satisfies the termination component of a wrongful discharge claim."  Karch, 147 N.H. at 536.  "'Constructive discharge occurs when an employer renders an employee's working conditions so difficult and intolerable that a reasonable person would feel forced to resign.'"  Id. (quoting Seery v. Yale-New Haven Hosp., 554 A.2d 757, 761 (Conn. App. Ct. 1989)).

Perrotti does not allege either that Wal-Mart fired her or that she resigned because of intolerable working conditions. Instead, she alleges that she stopped working because she became disabled and that she continued to be an active employee after she was injured.  Compl. ¶ 6-7.  She thus has failed to plead an essential element of a wrongful discharge claim.  Accordingly, Wal-Mart's motion to dismiss Count III is granted.

### IV. CONCLUSION

For the reasons described above, Wal-Mart's motion to dismiss (Doc. No. 6) is granted.  Perrotti may seek leave to

amend her complaint within 10 days to state a claim upon which relief can be granted.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

January 19, 2006

cc: Paul Cox, Esq.
John M. Clothier, Esq.
Christopher Hedican, Esq.
David W. McGrath, Esq.