```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Lori Perrotti-Johns**

    **v.**                                     **Case No. 05-cv-243-PB**
                                            **Opinion No. 2006 DNH 079**

**Wal-Mart Stores, Inc. and**
**John Does One through Five**


## MEMORANDUM AND ORDER

Lori Perrotti-Johns, a former management-level employee of Wal-Mart Stores, Inc. ("Wal-Mart") alleges that Wal-Mart wrongfully allowed her health insurance to be cancelled and wrongfully terminated her employment. Wal-Mart has filed a motion to dismiss for failure to state a claim upon which relief can be granted (Doc. No. 24). For the reasons set forth below, I grant Wal-Mart's motion in part and deny it in part.

## I.   BACKGROUND[1]

Perrotti-Johns held a management-level position at Wal-Mart. Am. Compl. ¶ 6. She was eligible for and participated in Wal-Mart's Associates' Health and Welfare Plan (the "Plan"), which

---

[1] I describe the facts in the light most favorable to Perrotti-Johns.

provided health and dental insurance. Id. ¶¶ 6, 8-9.

On September 27, 1999, Perrotti-Johns suffered an injury at work and became disabled. Id. ¶ 13. She stopped working and commenced a workers' compensation proceeding. Id. Shortly thereafter, she testified against Wal-Mart in an employment discrimination lawsuit. Id. ¶ 30.

Although she was no longer working, Perrotti-Johns remained eligible to participate in the Plan so long as she paid the applicable premiums. Id. ¶ 4. Wal-Mart instructed her to pay the premiums by sending checks to an address that the company provided. Id. ¶ 16. Perrotti-Johns mailed all of her premiums in a timely fashion. Id. ¶¶ 16, 19. Nevertheless, the Plan notified her that her benefits had been cancelled for nonpayment of premiums. Id. ¶ 18.

Perrotti-Johns contacted Wal-Mart about the cancellation of her benefits and the company repeatedly promised that her coverage would be reinstated. Id. ¶ 29. Perrotti-Johns eventually received a "refund" from Wal-Mart, although she had not requested a refund and the amount she received was not equal to the amount she had paid in premiums. Id. ¶¶ 21-23. Wal-Mart ultimately informed Perrotti-Johns that it had accidentally

applied her premium payments to the purchase of Wal-Mart stock. Id. ¶ 24.

On May 25, 2005, Perrotti-Johns sued Wal-Mart in Rockingham County Superior Court. See State Court Writ of Summons. Wal-Mart timely removed the action to this court, see Notice of Removal (Doc. No. 1), and filed a motion to dismiss (Doc. No. 6). On January 19, 2006, I granted the motion to dismiss. I held that Perrotti-Johns' negligence, breach of contract, and breach of fiduciary duty claims were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and that Perrotti-Johns had failed to state a claim for wrongful discharge because her complaint did not allege that Wal-Mart fired her or that she resigned because of intolerable working conditions. See Order on Wal-Mart's First Motion to Dismiss ("First Order") (Doc. No. 19), 2006 DNH 5, at 7, 9. Perrotti subsequently amended her complaint. The amended complaint (Doc. No. 22) consists of ERISA claims for benefits due and breach of fiduciary duty, two state statutory claims, and a common law claim for wrongful discharge.

## II. **STANDARD OF REVIEW**

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),[2] I "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002).  An action should be dismissed "only if the plaintiff's factual averments hold out no hope of recovery on any theory adumbrated in its complaint." In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003).

## III. **ANALYSIS**

### A. **ERISA Claim to Recover Benefits Due**

In Count I, Perrotti-Johns seeks to recover Plan benefits that she alleges have been wrongfully withheld.  A claim to recover benefits due arises under 29 U.S.C. § 1132(a)(1)(B),

---

[2] Wal-Mart states that its motion is pursuant to Rule 12(b)(6) and Rule 12(b)(1).  Rule 12(b)(1) authorizes dismissal for lack of subject matter jurisdiction.  I cannot discern a subject matter jurisdiction argument in Wal-Mart's briefs.  Thus, I analyze Wal-Mart's motion under Rule 12(b)(6).

which provides that a participant in an employee benefit plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  Wal-Mart argues that Perrotti-Johns has failed to state a claim to recover benefits due because (1) Wal-Mart is not a proper defendant in an action to recover benefits due; and (2) Perrotti-Johns has failed to exhaust the Plan's internal administrative remedies.

Ordinarily, the proper defendants in an action for benefits due under 29 U.S.C. § 1132(a)(1)(B) are the employee benefit plan itself and the named plan administrator.  Thiffault v. Butler Home Prods., Inc., No. 05-4001 1-FDS, 2006 U.S. Dist. LEXIS 6236, at *4 (D. Mass. Jan. 5, 2006); see also Terry v. Bayer Corp., 145 F.3d 28, 36 (1st Cir. 1998).  Wal-Mart has submitted a portion of the applicable summary plan description, the authenticity of which Perrotti-Johns does not contest, demonstrating that it appointed a plan administrator.  If an employer has appointed a plan administrator, the employer is not a proper defendant unless it "controlled or somehow influenced the administration of the plan."  Id.  There is very little in Perrotti-Johns' amended

-5-

complaint to support an argument that Wal-Mart controlled or otherwise influenced plan administration. However, even if I assume that Perrotti-Johns' factual allegations are sufficient to support a claim that Wal-Mart can be named as a defendant in a claim for benefits due because it influenced the administration of the plan, her claim is premature because she has failed to exhaust the internal administrative remedies available to her.

Exhaustion of internal administrative remedies is a necessary prerequisite to judicial review under § 1132(a)(1)(B). Terry, 145 F.3d at 36. Perrotti-Johns concedes that she did not avail herself of the Plan's internal administrative remedies, which required her to file an appeal within 60 days of receiving a written notice denying her benefits claim. Pl.'s Obj. at 3. Instead, she argues that her failure to exhaust should be excused by the equitable estoppel exception to the exhaustion requirement.[3]

---

[3] Perrotti-Johns also contends that her failure to exhaust is excused because exhaustion would be futile and because the remedies available to her in the administrative process are inadequate. She bases her futility argument on allegations that Wal-Mart repeatedly told her it would reinstate her health coverage. This amounts to a restatement of her equitable estoppel argument. In support of her inadequacy argument, Perrotti-Johns states that the internal administrative remedies

In order for equitable estoppel to prevent dismissal of a claim to recover benefits due based on failure to exhaust, a plan participant must show "(1) a promise, (2) reasonable reliance on the promise, (3) injury caused by the reliance, (4) an injustice if the promise is not enforced, and (5) extraordinary circumstances . . . . tantamount to fraud." Greifenberger v. Hartford Life Ins. Co., 131 Fed. Appx. 756, 758-59 (2d Cir. 2005) (unpublished); see also Bourgeois v. Pension Plan for the Emples. of Santa Fe Int'l Corps., 215 F.3d 475, 481-82 (5th Cir. 2000).[4]

Here, the doctrine of equitable estoppel cannot save Perrotti-Johns' claim to recover benefits due. Although Wal-Mart allegedly promised Perrotti-Johns that it would reinstate her health insurance, it eventually informed her that it did not

---

are inadequate because the only relief they offer is reinstatement of her health benefits. This argument is unavailing because compensatory and punitive damages are not recoverable on a claim for benefits due regardless of the forum. See Turner v. Fallon Community Health Plan, 127 F.3d 196, 198 (1st Cir. 1997).

[4] Wal-Mart cites Mauser v. Raytheon Co. Pension Plan for Salaried Emples., 239 F.3d 51, 57 (1st Cir. 2001) for the proposition that "[t]his circuit has not recognized the doctrine of estoppel to excuse failure to exhaust administrative remedies." Def.'s Reply at 5. Wal-Mart's reliance on Mauser is misplaced. Mauser did not discuss equitable estoppel in the context of administrative exhaustion.

intend to make good on its promise.  At that juncture, Perrotti-Johns elected to seek judicial review immediately rather than to pursue an administrative appeal.  Although the doctrine of equitable estoppel may excuse Perrotti-Johns' failure to comply with an administrative deadline, it does not allow her to circumvent the administrative process altogether.  Accordingly, Wal-Mart's motion to dismiss Count I is granted without prejudice to Perrotti-Johns' right to seek administrative review of her claim.

## B.   ERISA Claim for Breach of Fiduciary Duty

In Count II, Perrotti-Johns argues that Wal-Mart violated fiduciary duties it owed to her as a Plan participant.  Count II arises pursuant to 29 U.S.C. § 1132(a)(3), which is known as ERISA's "catch all" provision.[5]  Watson v. Deaconess Waltham

---

[5]   29 U.S.C. § 1132(a)(2) authorizes civil actions by participants for "appropriate relief under section 1109," which imposes liability on plan fiduciaries for breach of fiduciary duty.  See 29 U.S.C. § 1109(a).  However, the Supreme Court has held that § 1109 "provides relief only for a plan and not for individual participants." Tregoning v. Am. Community Mut. Ins. Co., 12 F.3d 79, 83 (6th Cir. 1993); see also Miller v. Nortel Networks Long Term Dis. Plan, No. 03-258-PB, 2005 U.S. Dist. LEXIS 1161, at *43-44 (D.N.H. Jan. 25, 2005).  Perrotti-Johns does not seek relief on behalf of the plan.  Thus, she may not maintain an action under 29 U.S.C. § 1132(a)(2).

Hosp., 298 F.3d 102, 109 (1st Cir. 2002).  Section 1132(a)(3) provides that

> [a] civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

Wal-Mart argues that Perrotti-Johns' claim should be dismissed because she seeks money damages rather than equitable relief.  I agree.

The Supreme Court has explained "that the term 'equitable relief' in [§ 1132(a)(3)] must refer to 'those categories of relief that were typically available in equity.'"  Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002) (quoting Mertens v. Hewitt Assocs., 508 U.S. 248, 256 (1993)). If a plaintiff seeks legal relief rather than equitable relief, § 1132(a)(3) does not authorize her lawsuit.  Id. at 221. Generally, money damages are "'the classic form of legal relief.'"  Id. (quoting Mertens, 508 U.S. at 255).

Perrotti-Johns seeks only money damages.[6]  See Am. Compl. ¶

---

[6]  Perrotti-Johns has not requested a refund of any monies she allegedly paid to Wal-Mart for health insurance benefits. Damages of that variety might amount to equitable restitution

68 ("plaintiff demands judgment against the defendants in an amount sufficient to fully compensate her for her losses, plus interest, costs and attorneys' fees"). Because money damages are not an equitable form of relief, Count II fails to state a claim under 29 U.S.C. § 1132(a)(3). Accordingly, Wal-Mart's motion to dismiss Count II is granted.

## C. **State Statutory Claims**

### 1. RSA § 275:48, II

In Count IV, Perrotti-Johns alleges that Wal-Mart violated RSA § 275:48, II, which provides as follows:

> If an employer making a deduction of an employee's wages
> . . . fails to make any payment relative to such deduction
> on the employee's behalf, and such employee loses any
> benefit or fails to meet an obligation caused by such
> failure, the employer shall be liable for such lost benefit
> or failed obligation.

Wal-Mart contends that this claim is preempted by ERISA. I agree.

ERISA's preemption clause, 29 U.S.C. § 1144, provides that ERISA preempts state laws that "relate to any employee benefit

---

available under 29 U.S.C. § 1132(a)(3). See Great-West, 534 U.S. at 214 (restitution is a form of equitable relief if the plaintiff asks the court "to restore to the plaintiff particular funds or property in the defendant's possession").

plan." 29 U.S.C. § 1144(a); see also Hampers v. W.R. Grace & Co., 202 F.3d 44, 49 (1st Cir. 2000). The parties agree that the Plan was an "employee benefit plan" within the meaning of ERISA. Am. Compl. ¶ 9. Their only dispute is whether RSA § 275:48, II relates to the plan within the meaning of § 1144.

A state law relates to an employee benefit plan "'if it has a connection with or reference to such a plan.'" Hampers, 202 F.3d at 49 (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 98 (1983)). In particular, "a cause of action 'relates to' an ERISA plan when a court must evaluate or interpret the terms of the ERISA-regulated plan to determine liability under the state law cause of action." Id. at 52. In order to evaluate Wal-Mart's potential liability for lost benefits, I would be required to interpret the terms of the Plan. Therefore, I conclude that RSA § 275:48, II relates to employee benefit plans and is preempted by ERISA. See Ball v. Ripley, No. 04-cv-183-PB, 2006 U.S. Dist. LEXIS 4346, at *3 (Jan. 25, 2006) (claim under RSA § 275:48, II preempted by ERISA); cf. Jackson v. Wal-Mart Stores, Inc., 24 Fed. Appx. 132, 133 (4th Cir. 2001) (unpublished) (claim under South Carolina Payment of Wages Act for alleged excessive deductions from wages for employee benefit plan premiums was

preempted by ERISA). In fact, Perrotti-Johns' claim under RSA § 275:48, II is preempted by the very ERISA claims she asserts in Counts I and II. See Lamberty v. Premier Millwork & Lumber Co., 329 F. Supp. 2d 737, 742 (E.D. Va. 2004) (plaintiff's state law claim is preempted where it "alleges the same conduct comprising" plaintiff's ERISA claims). Accordingly, Wal-Mart's motion to dismiss Count IV is granted.

### 2. RSA §§ 275:48, III, 415:18, VII(g)(4)

In Count VI,[7] Perrotti-Johns alleges that Wal-Mart violated RSA § 275:48, III and § 415:18, VII(g)(4). RSA § 275:48, III requires insurers and plan administrators to "notify an employee in writing of termination of an employee benefit plan pursuant to the notification requirements of RSA § 415:18, VII(g)(4) or [ERISA], as applicable." In addition to setting out notification requirements, RSA § 415:18, VII(g)(4) provides that participants in health insurance plans are eligible for a 39-week extension of benefits after their coverage terminates. Perrotti-Johns contends that Wal-Mart violated these statutes by (1) failing to provide her with proper notice of its intent to terminate her

---

[7] There is no Count V in the amended complaint.

health insurance benefits; and (2) failing to notify her that she was eligible for a 39-week extension of her health insurance benefits.  Wal-Mart responds that RSA § 275:48, III and RSA § 415:18, VII(g)(4) are preempted by ERISA.  Once again, I agree.

Perrotti-Johns does not have a colorable argument that these two statutes do not relate to employee benefit plans.  See Dawson v. Whaland, 529 F. Supp. 626, 632-33 (D.N.H. 1982) (RSA § 415:18, VII(g) is preempted by ERISA).  Instead, she argues that ERISA's so-called "savings clause," 29 U.S.C. § 1144(b)(2)(A), exempts the statutes from preemption.  The savings clause provides that ERISA does not preempt "any law of any State which regulates insurance, banking, or securities."  29 U.S.C. § 1144(b)(2)(A).

Perrotti-Johns' argument is without merit.  Although ERISA's savings clause exempts from preemption any state laws that regulate insurance, the statute's "deemer clause" specifies that "an employee benefit plan . . . shall [not] be deemed to be an insurance company or other insurer . . . for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies."  29 U.S.C. § 1144(b)(2)(B); see also FMC Corp. v. Holliday, 498 U.S. 52, 58 (1990).  The two statutes at issue in

Count VI address employee benefit plans. The deemer clause therefore precludes application of the savings clause and the statutes are preempted by ERISA. Wal-Mart's motion to dismiss Count VI is granted.

### D. Common Law Wrongful Discharge

After Perrotti-Johns stopped working, she testified in an employment discrimination action against Wal-Mart. She also pursued a workers' compensation claim. In Count III, she alleges that Wal-Mart retaliated against her for these activities by firing her. Wal-Mart responds that Perrotti-Johns' common law wrongful discharge claim is barred by the applicable state and federal statutory remedies.[8]

---

[8] Wal-Mart also argues (1) that Perrotti-Johns' wrongful discharge claim is preempted by ERISA; and (2) that I should ignore her wrongful discharge allegations because they "contradict the allegations in her original pleading." Def.'s Br. at 6; see Reddy v. Litton Indus., 912 F.2d 291, 296 (9th Cir. 1990) (amendments to a complaint must be consistent with the original pleading). I disagree on both counts.

As to Wal-Mart's preemption argument, Perrotti-Johns' wrongful discharge claim is premised on Wal-Mart's alleged retaliation for her testimony in an employment discrimination lawsuit and her prosecution of a workers' compensation claim. It is independent of her claims regarding the cancellation of her health insurance benefits and therefore does not relate to an employee benefit plan. Compare Woodcock v. Bristol-Myers Squibb Co., No. CV-03-168-PB, 2005 U.S. Dist. LEXIS 12633, at *9 (D.N.H. Jun. 27, 2005) (ERISA preempted a wrongful discharge claim where

Under the First Circuit's binding interpretation of New Hampshire common law, an employee may not assert a wrongful discharge claim if she has a statutory cause of action based on the same conduct. Smith v. F.W. Morse & Co., 76 F.3d 413, 429 (1st Cir. 1996); see also Parker v. MVM, Inc., No. 05-cv-380-SM, 2006 U.S. Dist. LEXIS 41447, at *7 (D.N.H. Jun. 20, 2006) ("[T]he Court of Appeals for the First Circuit has interpreted New Hampshire common law to preclude a cause of action for wrongful termination when the aggrieved employee has a statutory cause of action arising out of the same conduct."). Here, Wal-Mart argues that Perrotti-Johns may avail herself of (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et

---

facts connected with an ERISA plan were "at the heart of" the dispute).
    As to Wal-Mart's argument that Perrotti-Johns has pled contradictory allegations, I disagree that the original complaint and the amended complaint contradict one another. Perrotti-Johns' allegation in her original complaint that she stopped working because she became disabled does not contradict her current position, which is that "while she was out due to her work related injury, she was terminated." Pl.'s Obj. at 7. Nor is Perrotti-Johns' allegation that Wal-Mart terminated her employment in retaliation for her participation in the employment discrimination lawsuit and her pursuit of workers' compensation benefits inconsistent with her earlier allegation that the retaliation was based only on the employment discrimination lawsuit.

-15-

seq., and the New Hampshire Law Against Discrimination ("LAD"), N.H. Rev. Stat. Ann. ("RSA") § 354-A:1, et seq.; and (2) the New Hampshire Workers' Compensation Law ("WCL"), RSA § 281-A:1, et seq.

I agree with Wal-Mart that Title VII and the LAD preclude Perrotti-Johns' wrongful discharge claim insofar as it is premised on Wal-Mart's alleged retaliation for her testimony in the employment discrimination lawsuit. Title VII prohibits employers from discriminating against employees because they have "testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). Similarly, the LAD prohibits retaliation or discrimination against a person who has "testified or assisted in any proceeding under [the LAD]." RSA § 354-A:19. Both statutes authorize a private right of action for alleged violations. See 42 U.S.C. § 2000e-16(c); RSA § 354-A:21-a, I. The availability of these statutory remedies bars Perrotti-Johns from pursuing a common law wrongful discharge claim arising from her participation in the employment discrimination action. Cf. Smith, 76 F.3d at 429 (Title VII precludes wrongful discharge claim based on pregnancy discrimination). Accordingly, Wal-

Mart's motion to dismiss is granted as to Perrotti-Johns' wrongful discharge claim arising from her participation in an employment discrimination lawsuit against Wal-Mart.

I reject Wal-Mart's argument that the WCL precludes Perrotti-Johns' wrongful discharge claim arising from Wal-Mart's alleged retaliation against her for pursuing a workers' compensation claim. Under the WCL, "[a]n employee is entitled to compensation . . . for 'accidental injury or death arising out of and in the course of employment.'" Karch v. BayBank FSB, 147 N.H. 525, 530 (2002) (quoting RSA § 281-A:2, XI). Unlike Title VII and the LAD, however, the statute does not provide a private right of action for retaliation stemming from an employee's pursuit of a claim under the statute. Furthermore, the New Hampshire Supreme Court has squarely held that the WCL does not bar common law wrongful discharge claims. Id. at 537; see also Bruning v. D.E. Salmon, Inc., No. 03-352-JD, 2003 U.S. Dist. LEXIS 22787, at *12 (D.N.H. Dec. 18, 2003). Thus, I proceed to the merits of Perrotti-Johns' claim.

To make out a wrongful discharge claim in New Hampshire, "a plaintiff must allege and prove that: (1) the termination of employment was motivated by bad faith, retaliation, or malice;

and (2) that she was terminated for performing an act that public policy would encourage or for refusing to do something that public policy would condemn." Karch, 147 N.H. at 536.  Wal-Mart argues that Perrotti-Johns has once again failed to adequately plead that Wal-Mart terminated her employment.  See First Order at 9 (dismissing Perrotti-Johns' wrongful discharge claim because she did not allege that she was fired or that she resigned).  I disagree.  While Perrotti-Johns concedes that she "does not recall getting any formal notice of termination," Am. Compl. ¶ 52, she contends that Wal-Mart "conducted itself" as if it had fired her "by requiring [her] to surrender her employee discount card, by ceasing to offer her stock options and completely excluding her from the normal 'Wal-Mart Employee Loop.'" Id. These factual allegations permit a reasonable inference that Wal-Mart terminated Perrotti-Johns' employment and therefore are sufficient to survive a 12(b)(6) motion.  Wal-Mart has not advanced any additional arguments in support of its motion to dismiss this claim.  Accordingly, Wal-Mart's motion to dismiss is denied as to Perrotti-Johns' wrongful discharge claim based on her prosecution of a workers' compensation claim.

**IV. CONCLUSION**

For the reasons described above, Wal-Mart's motion to dismiss (Doc. No. 24) is granted as to Perrotti-Johns' ERISA claims, her state statutory claims, and her wrongful discharge claim premised on Wal-Mart's alleged retaliation for her participation in an employment discrimination lawsuit. Wal-Mart's motion is denied as to Perrotti-Johns' wrongful discharge claim premised on Wal-Mart's alleged retaliation for Perrotti-Johns' prosecution of a workers' compensation claim.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

July 11, 2006

cc: John M. Clothier, Esq.
    Paul R. Cox, Esq.
    David McGrath, Esq.
    Christopher R. Hedican, Esq.